IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOSHUA M. POWELL,

              Plaintiffs,

v.

DIANE ADAMS,

              Defendant.

Case No. 1:16-cv-01542-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge.

    Plaintiff Joshua M. Powell seeks to proceed *in forma pauperis* ("IFP") in this action. For the reasons stated below, Plaintiff's IFP application should be denied and his Complaint should be dismissed for failure to state a claim for relief and for lack of subject matter jurisdiction.

### LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a

litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro

se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff filed his complaint on July 29, 2016, alleging claims against defendant Diane Adams, a broker, who apparently was or will be involved in the sale of a property. Plaintiff purports to challenge "the Defendant's legal right to sell the property by questioning whether or not she holds or has access to the title deed or security on the property." Plaintiff's claim for relief states, "I would ask that the proper title deed to the property be presented to the court by the defendant, and if it cannot be produced, a judgment be made in favor of my claim to the property."

Construing Plaintiff's Complaint liberally, as required, the Court assumes that Plaintiff intends to allege that Ms. Adams does not hold the proper title deed or security to the property and that she therefore cannot make a valid sale of the property. However, even if this allegation is taken as true, Plaintiff does not allege that he himself owns the property, nor that he holds proper title deed or security, nor does he allege that his claim would be better than any Ms. Adams may have to the property. In fact, the only authority Plaintiff gives for his claim is Oregon Revised Statute 105.620, which provides for acquiring title by adverse possession. Plaintiff does not allege that he has fulfilled the rigorous requirements to acquire title this way, however. Additionally, Plaintiff has not alleged that Ms. Adams has harmed him in any way. Therefore, Plaintiff fails to state a claim for relief that can be granted by the Court. *See Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001) ("Article III of the Constitution . . . limits the jurisdiction of the federal courts to 'cases and controversies,'" a restriction that has been held

to require a plaintiff to show, *inter alia*, that he has actually been injured by the defendant's challenged conduct.

Generally, courts are required to give pro se plaintiffs the opportunity to amend a complaint to cure any identified deficiencies. However, in this case, Plaintiff asserts jurisdiction in federal court based on diversity jurisdiction, but alleges that both he and the defendant are citizens of the state of Oregon. Taking these allegations as true, the citizenship of the parties destroys diversity, and eliminates the Court's subject matter jurisdiction. *See* 28 U.S.C. 1332 (District Courts have jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states). Therefore I find that any amendment to the complaint would be futile, and the Complaint should be dismissed.

## RECOMMENDATION

Based on the foregoing, Plaintiff's IFP application should be denied and his Complaint (#2) should be dismissed. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 2 day of August, 2016.

_____
MARK D. CLARKE
United States Magistrate Judge